IN THE UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

**FILED**

**MAR 2 5 2022**

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| | | |
|---|---|---|
| KENYA TEASLEY, | ) | |
| | ) | **(Jury Trial Demanded)** |
| Plaintiff, | ) | |
| v. | ) | 5: 22-cv- 00115- BO |
| | ) | |
| TASHA O'NEAL, F. BLAIR WILLIAMS | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

COMES NOW Plaintiff Kenya Teasley and states the following as her Complaint against

Defendants Tasha O'Neal and F. Blair Williams, in their individual capacities.

## INTRODUCTION

1. On March 10, 2022 at approximately 2:30 p.m., the plaintiff went to the Wake

   County Clerk of Superior Court, to file a petition for the removal of Lorrin Freeman,

   as the District Attorney for Wake County. The representative (a tall white woman

   with long blonde hair), took the plaintiff's notarized petition to Tasha O'Neal's

   office. The plaintiff was then told to stand to the side.

2. On March 10, 2022 at approximately 2:45 p.m. (long enough for Tasha O'Neal to

   read through the plaintiff's four-page petition), Tasha O'Neal came out of her office,

   and told the plaintiff that she had spoken with legal counsel, at the NC Administrative

   Office of the Court (a woman). The legal counsel told Tasha O'Neal to tell the

   plaintiff that it would be $200.00 to file the petition. The NC Courts Costs and Fees

Chart does not mention anything in regards to petitions, yet alone a cost for filing one.

3. The plaintiff brings this suit against these defendants for violating her rights under the First and Fourteenth Amendments of the United States Constitution.

## FACTS

4. On March 10, 2022, the plaintiff questioned being told by Tasha O'Neal, there is a $200.00 fee to file a petition with the court. The plaintiff told Tasha O'Neal there is nothing online for the public that states, petitions require a $200.00 fee for filing.

5. On March 10, 2022, Tasha O'Neal gave the plaintiff a State of North Carolina Rules of Recordkeeping document, and told her the document was not open to the public. Tasha O'Neal also stated petitions require a $200.00 fee, because they are filed with CVS numbers like complaints. This is not stated anywhere in the State of North Carolina Rules of Recordkeeping document, NCGS 7A-66, North Carolina Rules of Civil Procedure, nor the NC Courts Costs and Fees Chart.

6. On March 10, 2022, Tasha O'Neal told the plaintiff, the $200.00 petition fee and rule applies statewide to all North Carolina Clerk's offices.

7. The State of North Carolina Rules of Recordkeeping document states, for the removal of District Attorney, "A CVS case is established when an affidavit or sworn written charges are filed, with appropriate civil filing fees to be paid."

8. Rule 3(a) of the NC Rules of Civil procedure states, "A civil action is commenced by filing a complaint with the court."

9. In North Carolina, the court process for the filing of a petition to remove a District Attorney, is not the same process for the filing of a civil complaint. In a civil

2

complaint, a plaintiff is seeking damages from a defendant, and issued a summons when the civil complaint is filed. A petitioner is seeking redress from the court.

10. NCGS 7A-66, does not include a fee being associated with a proceeding to remove a District Attorney.

11. After speaking with Tasha O'Neal on March 10, 2022, the plaintiff stepped outside of the Wake County Clerk of Superior Court, and called the Durham County Superior Court Clerk's office. The plaintiff checked to see if Attorney Kerry Sutton was charged a petition fee when she petitioned for the removal of Tracey Cline, as the District Attorney for Durham County. The plaintiff will never believe the sole word of anyone associated with the justice system. The court file in Durham County Superior Court, showed Attorney Kerry Sutton was not charged a fee for her petition.

12. On March, 10, 2022, the plaintiff went back inside of the Wake County Clerk of Superior Court, and told Tasha O'Neal what she had just learned in regards to Attorney Kerry Sutton not being charged a fee for her petition, for the removal of Tracey Cline. Tasha O'Neal was still trying to push the $200.00 petition fee on the plaintiff.

13. On March 10, 2022, the plaintiff asked Tasha O'Neal to call the legal counsel back at the NC Administrative Office of the Court. Tasha O'Neal refused to call the legal counsel back at the NC Administrative Office of the Court. The plaintiff and Tasha O'Neal started going back and forth about the $200.00 petition fee she did not have at the time, for filing. The plaintiff told Tasha O'Neal she was being denied her right to petition the government. Tasha O'Neal told the plaintiff she was not denying her the

3

right to petition the government. Tasha O'Neal would not allow the plaintiff to file her petition without the $200.00 fee being paid.

14. On March 10, 2022, the plaintiff asked Tasha O'Neal for her notarized petition back. Tasha O'Neal refused to give the plaintiff her petition because, she had already stamped the petition as being filed. The plaintiff then left the Wake County Clerk of Superior Court. The plaintiff was not going to keep going back and forth with Tasha O'Neal.

15. The State of North Carolina Rules of Recordkeeping document states, "The Clerk should not refuse to accept any filing not accompanied by all appropriate fees. The clerk should note that costs are due in the court's file." Tasha O'Neal cannot pick and choose which parts of the State of North Carolina Rules of Recordkeeping document, she wants to follow.

16. Lorrin Freeman was the Clerk of Wake County Superior Court from 2006-2014.

17. Tasha O'Neal worked for Lorrin Freeman when she was the Clerk of Wake County Superior Court.

18. On March 10, 2022 at 3:12 p.m., the plaintiff sent an email to Corrine Lusic (Legal Counsel for the NC Administrative Office of the Court), and F. Blair Williams (Wake County Clerk of Superior Court). The plaintiff told Corrine Lusic and F. Blair Williams, everything that had just happened with their employee, Tasha O'Neal. The plaintiff told Corrine Lusic and F. Blair Williams, she wanted them to file her petition that same day. Neither one of them responded and F. Blair Williams did not file the plaintiff's petition that day, or any other day.

4

19. F. Blair Williams was the Chief Assistant Clerk of Court for Wake County, during Lorrin Freeman's time as the Clerk of Court for Wake County.

20. On March 12, 2022, the plaintiff sent an email to Corrine Lusic and F. Blair Williams. The plaintiff requested for her notarized petition to be sent back to her, according to the address on the petition.

21. On March 14, 2022, Corrine Lusic told the plaintiff she is not the custodian of records held by the Wake County Clerk of Court. F. Blair Williams never responded to the plaintiff's email from March 12, 2022.

22. On March 15, 2022, the plaintiff sent a second email to F. Blair Williams, requesting for her petition to be sent. F. Blair Williams never responded.

23. On March 10, 2022, Tasha O'Neal shredded the plaintiff's petition for the removal of Lorrin Freeman, as the District Attorney for Wake County.

24. When Tasha O'Neal stamped the plaintiff's notarized petition as being filed on March 10, 2022, it became a court record. The plaintiff learned of this on March 18, 2022.

25. NCGS 14-76 states, "If any person shall destroy any affidavit of or belonging to any court or relating to any cause or matter begun, every such offender shall be guilty of a Class 1 misdemeanor."

26. Government officials performing *discretionary* functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known.

27. Tasha O'Neal's actions on March 10, 2022, were not within the scope of her employment as the Assistant Clerk for Wake County Superior Court.

5

28. On March 10, 2022, Tasha O'Neal was not performing a judicial act that required the use of judgement or discretion.

29. Tasha O'Neal's actions on March 10, 2022, were intentional because she used to work for Lorrin Freeman.

30. F. Blair William's actions on March 10, 2022, were not within the scope of his employment as the Clerk for Wake County Superior Court.

31. On March 10, 2022, F. Blair William's was not performing a judicial act that required the use of judgement or discretion.

32. F. Blair William's actions on March 10, 2022, were intentional because he used to work for Lorrin Freeman.

## JURISDICTION AND VENUE

33. This action is brought pursuant to 42 U.S.C $1983 for acts committed by these defendants under color of state law, which deprived the plaintiff of her rights under the First and Fourteenth Amendments of the United States Constitution. This Court has original jurisdiction over this federal claim pursuant to 28 U.S.C. $ 1331 and 28 U.S.C $ 1343(a)(3).

34. All material events giving rise to this cause of action occurred in Wake County, North Carolina. Under 28 U.S.C $1391(b), venue is proper in the United States District Court for the Eastern District of North Carolina.

## PARTIES

35. Plaintiff Kenya Teasley is a citizen and resident of Durham County, North Carolina.

36. Defendant Tasha O'Neal is the Assistant Clerk for Wake County Superior Court.

37. Defendant F. Blair Williams is the Clerk for Wake County Superior Court.

6

## CLAIM 1

### (U.S. Const. Amend. 14 – equal protection of the law: CLASS OF ONE)

38. Tasha O'Neal denied the plaintiff equal protection of the law when she tried to charge her a $200.00 petition filing fee, after the plaintiff specifically told her that Attorney Kerry Sutton, was not charged a filing fee for her petition in Durham County. The plaintiff and Attorney Kerry Sutton were in the exact same situation. Tasha O'Neal did not provide any reason for treating the plaintiff differently from Attorney Kerry Sutton.

39. F. Blair Williams denied the plaintiff equal protection of the law, when he ignored the plaintiff and refused to file her petition. Attorney Kerry Sutton was not charged a filing fee for her petition in Durham County. The plaintiff and Attorney Kerry Sutton were in the exact same situation. F. Blair Williams did not provide any reason for treating the plaintiff differently from Attorney Kerry Sutton.

40. As a proximate result of the defendants' wrongful conduct, the plaintiff has suffered extreme emotional distress.

41. The defendants' actions were done maliciously, willfully, or wantonly, or in a manner that demonstrates a reckless disregard for the plaintiff's constitutional rights. As a result of the defendants' conduct, the plaintiff is entitled to recover punitive damages.

## CLAIM 2

### (U.S. Const. Amend. 1 – right to petition the government for a redress of grievance)

42. Tasha O'Neal denied the plaintiff the right to petition the government for a redress of grievance, when she refused to file her petition without the $200.00 fee being paid.

7

43. F. Blair Williams denied the plaintiff the right to petition the government for a redress of grievance, when he ignored the plaintiff and refused to file her petition.

44. As a proximate result of the defendant's wrongful conduct, the plaintiff has suffered extreme emotional distress.

45. The defendants' actions were done maliciously, willfully, or wantonly, or in a manner that demonstrates a reckless disregard for the plaintiff's constitutional rights. As a result of the defendants' conduct, the plaintiff is entitled to recover punitive damages.

## CLAIM 3

### (U.S. Const. Amend. 1 – freedom of speech and expression)

46. Tasha O'Neal denied the plaintiff freedom of speech and expression, when she refused to file her petition without the $200.00 fee being paid.

47. F. Blair Williams denied the plaintiff freedom of speech and expression, when he ignored the plaintiff and refused to file her petition.

48. As a proximate result of the defendants' wrongful conduct, the plaintiff has suffered extreme emotional distress.

49. The defendants' actions were done maliciously, willfully, or wantonly, or in a manner that demonstrates a reckless disregard for the plaintiff's constitutional rights. As a result of the defendants' conduct, the plaintiff is entitled to recover punitive damages.

8

## CLAIM 4

### (U.S. Const. Amend. 14 – due process)

50. Tasha O'Neal denied the plaintiff the liberty interest of having a fair review of her petition.

51. Tasha O'Neal's refusal to call back the legal counsel at the NC Administrative Office of the Court, denied the plaintiff the opportunity to present reasons why the proposed action ($200.00 petition fee) should not be taken.

52. Tasha O'Neal's refusal to file the plaintiff's petition without the $200.00 petition fee, denied the plaintiff the opportunity to be heard by the court.

53. F. Blair Williams denied the plaintiff the liberty interest of having a fair review of her petition.

54. F. Blair William's refusal to file the plaintiff's petition, denied the plaintiff the opportunity to be heard by the court.

55. As a proximate result of the defendants' wrongful conduct, the plaintiff has suffered extreme emotional distress.

56. The defendants' actions were done maliciously, willfully, or wantonly, or in a manner that demonstrates a reckless disregard for the plaintiff's constitutional rights. As a result of the defendants' conduct, the plaintiff is entitled to recover punitive damages.

9

# PRAYER FOR RELIEF

1. That the Court declare defendants' actions complained of herein are unlawful under the United States Constitution.

2. That the Court enter judgement in favor of plaintiff and against the defendants for plaintiff's extreme emotional distress, and punitive damages in an amount to be determined by a jury.

3. That the costs of this action be taxed against the defendants.

4. That the Court grant the plaintiff a trial by a jury.

This the 25th day of March, 2022.

Kenya Teasley

100 Tobler Court Apt 205

Durham, NC 27704

*plaintiff*

Case 5:22-cv-00115-BO     Document 1     Filed 03/25/22     Page 10 of 10