IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION



KENYA TEASLEY, )
) **Case No: 5:22-CV-00115-BO**
Plaintiff, ) **RESPONSE TO MOTION TO**
v. ) **DISMISS**
)
TASHA O'NEAL, F. BLAIR WILLIAMS )
)
Defendants. )
)

## JURISDICTION

42 U.S.C. Section 1983 provides, in relevant part, that:"[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004).

To state a claim under Section 1983, a plaintiff must allege (1) the challenged conduct was attributable to a person who was acting under color of state law and (2) "the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New*

*York*, No. 09 Civ. 5446, 2013 WL 1803896, at *2 (S.D.N.Y. Apr. 25, 2013); *see Cornejo v. Bell*, 529 F.3d 121, 127 (2d Cir. 2010). Therefore, a Section 1983 claim has two essential elements: (1) the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. *See Annis v. Cnty of Westchester*, 136 F.3d 239, 245 (2d. Cir. 1998); *Quinn v. Nassau Cnty. Police Dep't*, 53 F. Supp. 2d 347,354 (E.D.N.Y. 1999) (noting that §1983 "furnished a cause of action for violation of federal rights created by the Constitution") (citation omitted). The Plaintiff has met the requirements for filing a complaint under Section 1983.

As stated before, the Plaintiff requested her petition back from the defendants because they were not going to file it without the $200.00 fee being paid. At no time on March 10, 2022, did Tasha O'Neal tell the Plaintiff, she would file her petition and note her file with the information she provided in regards to Attorney Kerry Sutton not being charged a filing fee for her petition. On March 10, 2022, F. Blair Williams nor Corrine Lusic responded to the Plaintiff's email request, for the filing of her petition on March 10, 2022. On March 10, 2022, the Plaintiff was definitely not in the mood to play with Tasha O'Neal. The Plaintiff wanted to simply file her petition and get back down the highway ahead of traffic.

Even after the defendants received this complaint on March 28, 2022, they *still* did not file the Plaintiff's petition. So, the defendants just woke up on May 20, 2022, and both decided they would file the Plaintiff's petition that day? What was so special about May 20, 2022? Oh, this was three days after the primary election day and six days before the response to this complaint was due.

Tasha O'Neal did not file the Plaintiff's petition on March 10, 2022, she stamped the Plaintiff's petition as being filed. If she had filed the Plaintiff's petition on March 10, 2022, a file

number would have been assigned after she stamped it. Rule 3.3 of the State of North Carolina Rules of Recordkeeping states the Clerk shall assign each case filed the next available number from the sequential number series.

The review timeframe from May 20, 2022, and the *decision* on the petition is irrelevant to this complaint. The Plaintiff was not banking on the *decision* of her petition for anything, and the filing on May 20, 2022 means nothing. The Plaintiff had people waiting for the petition *and* the response to be filed ahead of the start of early voting. The decision on the petition means nothing because it does not change what happened and what the facts are. The public is not stupid and can tell fake documents when they see them. The public knows how the judicial system and public officials get down with the cover ups and favors. The decision on the Plaintiff's petition was just the opinion of one person. The Plaintiff would have been a fool to bank on a decision made by Wake County Superior Court. You never put all of your eggs in one basket.

## ELEVENTH AMENDMENT

The Plaintiff has addressed this.

## QUALIFIED IMMUNITY

The Plaintiff has addressed this.

## EQUAL PROTECTION CLASS OF ONE

The NC Court Costs and Fee Schedule shows in 2012, the fee for filing a civil complaint in North Carolina Superior Court, was $200.00. This is the same fee in 2022. Judge Orlando Hudson waived Attorney Kerry Sutton's petition fee in 2012. The defendants did not provide any logical reason for treating the Plaintiff differently from Attorney Kerry Sutton. The Plaintiff was not going to let Tasha O'Neal, F. Blair Williams or anyone at the NC Administrative Office of the Courts, hustle her on March 10, 2022. They definitely had the right one that day. Attorney Kerry

Sutton is not above the Plaintiff or anyone else in North Carolina. Tasha O'Neal refused to call the NC Administrative Office of the Courts back on March 10, 2022. Tasha O'Neal wanted to take matters into her own hands.

Attorney Kerry Sutton's petition was filed on the same day she went to the Clerk's office (January 18, 2012), and without payment. The petition was then immediately forwarded to Judge Orlando Hudson. The Clerks in Durham County did not ignore, hassle or deny Attorney Kerry Sutton the filing her petition on January 18, 2012. The Clerks in Durham County did not wait until over sixty days after January 18, 2012, to file Attorney Kerry Sutton's petition. In addition, after everything was said and done, Attorney Kerry Sutton received a waiver for her petition fee. The defendants did not provide any logical reason for treating the Plaintiff differently from Attorney Kerry Sutton.

There is no telling how many attorneys have received special waivers in Durham County and other counties. The Plaintiff will have to make it over to the Durham County Clerk's office, to check some attorney filings for complaints. Attorney Kerry Sutton's waiver was definitely not the first nor the last in Durham County.

### RIGHT TO PETITION THE GOVERNMENT

The Plaintiff never said all filing fees were unconstitutional. What is unconstitutional is trying to charge some citizens of the State filing fees, and waiving them for others.

### FREEDOM OF SPEECH

The defendants interfered with the Plaintiff's right to freedom of speech and expression, when they refused to file the Plaintiff's petition on March 10, 2022. The Plaintiff's speech and expression was not just limited to the filing of her petition with the court. The defendants interfered

with the Plaintiff's right to freedom of speech and expression to the public, when they did not allow her petition and response to become a public record, prior to the start of early voting.

## DUE PROCESS

NCGS 7A-66 states the Clerk shall *immediately* bring a proceeding to remove a district attorney, to the attention of the Senior Resident Superior Court Judge. The defendants did not do this.

Kenya Teasley

100 Tobler Court Apt 205

Durham, NC 27704

This the 24th day of June, 2022.

*[signature]*

5

Case 5:22-cv-00115-BO    Document 17    Filed 06/29/22    Page 5 of 6

## CERTIFICATE OF SERVICE

I hereby certify that on this day I placed a copy of this **RESPONSE TO MOTION TO DISMISS** in the U.S. Mail, postage prepared to the following:

Elizabeth O'Brien

Special Deputy Attorney General

NC Department of Justice

PO Box 629

Raleigh, NC 27602