IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-115-BO

KENYA TEASLEY,
    Plaintiff,

v.

TASHA O'NEAL and F. BLAIR WILLIAMS,
    Defendants.

ORDER

This cause comes before the Court on defendants' motions to dismiss and plaintiff's motions to amend her complaint and disqualify counsel. The appropriate responses and replies have been filed, or the time for doing so has expired, and the matters are ripe for ruling.

BACKGROUND

Plaintiff, who proceeds in this action *pro se*, filed a complaint against defendants on March 25, 2022. [DE 1]. In her complaint, plaintiff alleges claims under 42 U.S.C. § 1983 for violation of the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment as well as the First Amendment rights to petition the government for redress of grievances and freedom of speech and expression.

After defendants appeared and moved to dismiss plaintiff's complaint, plaintiff filed a motion to amend her complaint along with a proposed amended complaint. The proposed amended complaint alleges the same claims as plaintiff alleged in her original complaint. The following facts are alleged in support of her claims in the proposed amended complaint.

On March 10, 2022, at approximately 2:30 p.m., plaintiff attempted to file a petition for the removal of Lorrin Freeman, Wake County District Attorney, with the Wake County Clerk of

Superior Court pursuant to N.C. Gen. Stat. § 7A-66.[1] Plaintiff gave her petition to a clerk and was told to wait while the clerk took the petition to defendant O'Neal's office. Approximately fifteen minutes later, defendant O'Neal told plaintiff that she had learned from legal counsel that the fee to file such a petition is $200.

Plaintiff informed O'Neal that there is no information online which shows that a fee is required to file a petition for removal. O'Neal provided plaintiff with a State of North Carolina Rules and Record Keeping document, which is not available to the public, which states the following regarding removal of a district attorney: "A CVS case is established when an affidavit or sworn written charges are filed, with appropriate civil filing fees to be paid." [DE 11-1 ¶ 7].

Plaintiff stepped outside of the Clerk's Office and called the Durham County Superior Court Clerk's Office to inquire whether an attorney, Kerry Sutton, had been charged a fee to file a petition to remove then-District Attorney Tracey Cline. Plaintiff was informed that Attorney Sutton's petition fee was waived. Plaintiff informed O'Neal of this information but plaintiff's fee

---

[1] N.C. Gen. Stat. § 7A-66 provides:

> A proceeding to suspend or remove a district attorney is commenced by filing with the clerk of superior court of the county where the district attorney resides a sworn affidavit charging the district attorney with one or more grounds for removal. The clerk shall immediately bring the matter to the attention of the senior regular resident superior court judge for the district . . . who shall within 30 days either review and act on the charges or refer them for review and action within 30 days to another superior court judge . . . . . If the superior court judge upon review finds that the charges if true constitute grounds for suspension, and finds probable cause for believing that the charges are true, he may enter an order suspending the district attorney from performing the duties of his office until a final determination of the charges on the merits. During the suspension the salary of the district attorney continues. If the superior court judge finds that the charges if true do not constitute grounds for suspension or finds that no probable cause exists for believing that the charges are true, he shall dismiss the proceeding.

2

was not waived. Plaintiff asked for her petition to be returned, but was informed that it had already been filed.

Plaintiff then sent an email to legal counsel for the North Carolina Administrative Office of the Courts and defendant Williams, the Clerk of Wake County Superior Court, about her petition. Neither responded. Plaintiff sent subsequent emails to these two individuals requesting her petition be returned. On May 27, 2022, plaintiff learned that defendants O'Neal and Williams had filed her petition on May 20, 2022. Plaintiff's petition is attached to defendants' motion to dismiss. [DE 16-1]. It bears a Wake County Superior Court file stamp of March 10, 2022, which is crossed-out, and a second file stamp of May 20, 2022. [DE 16-1].[2]

Plaintiff alleges that defendants denied plaintiff equal protection when they attempted to charge plaintiff a $200 filing fee after plaintiff had told O'Neal that Attorney Sutton was not charged a filing fee in Durham County to file the same type of petition. Plaintiff further alleges that O'Neal and Williams denied plaintiff equal protection when they waited until May 20, 2022, to file her petition. Plaintiff alleges that she was denied the right to petition the government when defendants refused to file her petition and that her First Amendment rights to freedom of expression and speech were denied when her petition was not filed and when Williams ignored plaintiff's emails. Plaintiff alleges that O'Neal denied plaintiff a liberty interest in having review of her petition within the timeframe provided by law when she refused to file the petition without the $200 filing fee and refused to inquire further as to whether the filing fee could be waived.

---

[2] When considering a motion to dismiss, a court may consider documents incorporated in the complaint or attached thereto, as well as documents "submitted by the movant . . . so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). A court may also consider documents in the public record. *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004)

3

Plaintiff alleges Williams denied plaintiff's liberty interest in having a fair review of her petition by refusing to file her petition on March 10, 2022.

## DISCUSSION

At the outset, and in light of Fed. R. Civ. P. 15(a), plaintiff's motion for leave to file an amended complaint [DE 11] is GRANTED. The clerk is DIRECTED to file plaintiff's amended complaint attached to her motion to amend. Accordingly, defendants' motion to dismiss the original complaint [DE 8] is DENIED AS MOOT. *See Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017).

I. Motion to disqualify counsel.

The question of whether counsel should be disqualified is a matter within the discretion of the district court. *United States v. Williams*, 81 F.3d 1321, 1324 (4th Cir. 1996). The determination requires that a court balance "(1) the right of a party to retain counsel of his choice; and (2) the substantial hardship which might result from disqualification as against the public perception of and the public trust in the judicial system." *Plant Genetic Systems, N.V. v. Ciba Seeds*, 933 F.Supp. 514, 517 (M.D.N.C. May 24, 1996).

Plaintiff has come forward with no argument or evidence which would support the disqualification of defense counsel. The motion [DE 14] is DENIED.

II. Motion to dismiss.

Defendants seek to dismiss plaintiff's amended complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted).

4

When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject-matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted).

Defendants argue first that plaintiff lacks standing to bring her and that her claims are now moot.

To satisfy the standing requirement for subject matter jurisdiction at the pleading stage, a plaintiff must allege a case or controversy under Article III and "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely

5

to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "The party invoking federal jurisdiction bears the burden of establishing" the elements of standing. *Lujan*, 504 U.S. at 561. Mootness and standing are related, yet distinct concepts. *Friends of the Earth, Inc. v. Laidlaw*, 528 U.S. 167, 189 (2000). A case is moot when there is no longer a case or controversy to be resolved by the court. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).

As defendants correctly argue, plaintiff does not allege that the $200 petition filing fee is unconstitutional. Rather, her allegations focus on her assertion that she should not have been required to pay the filing fee and that defendants would not file her petition because she did not pay the filing fee. These assertions, however, are unsupported by the facts alleged in plaintiff's amended complaint and the case record. As plaintiff has alleged, plaintiff's petition for removal of Lorrin Freeman was filed on March 10, 2022, when she took it to the Clerk's Office for filing. This is supported by the copy of the petition attached to defendants' motion. However, when told that she would be required to pay the filing fee, plaintiff requested that her petition be returned. Amd. Compl. ¶ 14. Plaintiff was informed that her petition could not be returned because it had already been stamped as filed and had become a court record. *Id.* ¶¶ 14, 23. Plaintiff again asked that her petition be returned on March 12 and 15, 2022. *Id.* ¶¶ 20, 22.

When plaintiff commenced this action on March 25, 2022, her claims were based on the alleged failure to file her petition for removal of Lorrin Freeman. [DE 1]. On May 20, 2022, plaintiff was sent a letter from the Clerk of Superior Court informing her that her petition had been clocked and assigned a civil case number. [DE 16-1]. Plaintiff was further informed that because

6

the filing fee had not been received, a petition to proceed as an indigent had also been enclosed. Plaintiff also alleges in her amended complaint that she learned on May 27, 2022, that her petition had been filed on May 20, 2022. Amd Compl. ¶ 35. Also on May 27, 2022, the Superior Court timely adjudicated plaintiff's petition for removal of District Attorney Freeman pursuant to N.C. Gen. Stat. § 7A-66. [DE 16-2]. Plaintiff was also ordered to pay the filing fee. *Id.*

In sum, plaintiff's petition was filed. Due to her requests to have the petition returned, no further action was taken, though the document itself could not be returned to plaintiff pursuant to state law. Once plaintiff commenced this suit, however, alleging due process, equal protection, and First Amendment violations based on the failure to file her petition, the Clerk of Superior Court refiled plaintiff's petition and the petition was timely adjudicated in accordance with state law.

It is unclear from plaintiff's allegations and the exhibits that plaintiff has suffered any injury in fact because, contrary to her allegations, her petition was filed on March 10, 2022. Although she claims in her amended complaint that the delay in adjudicating her petition violated her rights, she plainly claims that she informed defendants on numerous occasions that she wished to withdraw her petition. Accordingly, the Court determines that plaintiff has failed to sufficiently allege an injury in fact and she therefore lacks standing to bring this suit.[3]

But even if plaintiff has standing to bring her claims, defendants are entitled to qualified immunity.

Plaintiff brings her claims against O'Neal and Williams in their individual capacities, and as government employees they have invoked qualified immunity. *See Bland v. Roberts*, 730 F.3d

---

[3] Because plaintiff's petition was refiled and adjudicated after the institution of this action, the Court does not reach the issue of mootness. *See City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982).

7

368, 391 (4th Cir. 2013). In assessing qualified immunity, courts employ a two-part test that "asks first whether a constitutional violation occurred and second whether the right violated was clearly established." *Melgar v. Greene*, 593 F.3d 348, 353 (4th Cir. 2010) (citing *Saucier v. Katz*, 533 U.S. 194 (2001)). A court may exercise its discretion to decide which prong of the analysis to consider first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

"A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (internal quotation and citation omitted). Plaintiff's amended complaint does not allege a clearly established right which defendants violated. At bottom, plaintiff believes the $200 filing fee should have been waived based upon the conversation she had with the Durham County Superior Court Clerk's Office, but she has made no allegation which would support a finding that any reasonable North Carolina Superior Court Clerk or Assistant Clerk would have understood that not granting plaintiff a waiver of the filing fee would result in a violation of plaintiff's constitutional rights. Put differently, and viewing the facts alleged in the light most favorable to plaintiff, plaintiff has not plausibly alleged that reasonable officials would have understood that not waiving the fee to file a petition to remove a district attorney would result in a violation of plaintiff's rights.

Plaintiff's petition was, in fact, file-stamped the day that she submitted it. As plaintiff alleges, defendant O'Neal consulted with legal counsel and determined that a filing fee would need to be paid. Even if an action is later determined to be wrong, an official may nonetheless be protected by qualified immunity which is intended to shield "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Accordingly,

8

the Court determines that defendants are also qualifiedly immune from suit, and this case is properly dismissed.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend [DE 11] is GRANTED. The clerk is DIRECTED to file the amended complaint at [DE 11-1]. Defendants' motion to dismiss the original complaint [DE 8] is DENIED AS MOOT. Plaintiff's motion to disqualify counsel [DE 14] is DENIED. Defendants' motion to dismiss the amended complaint [DE 15] is GRANTED. Plaintiff's amended complaint is DISMISSED and the clerk shall close the case.

SO ORDERED, this 24 day of February 2023.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE